UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS MICHELLE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-0595 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on March 6, 2013. Administrative

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels…").

1

Record ("AR") 64, 146-154.[2] The disability onset date was alleged to be October 16, 2004. AR 146. The application was disapproved initially and on reconsideration. AR 18. On August 27, 2015, Administrative Law Judge ("ALJ") David M. Blume presided over the hearing on plaintiff's challenge to the disapproval. AR 35-54 (transcript). Plaintiff was present and testified at the hearing. AR 18, 35. Plaintiff was represented by attorney Alex Panutich at the hearing. AR 35. Joy Yoshioka, a vocational expert, also testified at the hearing. Id.

On October 8, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 18-30 (decision), 31-34 (exhibit list). On January 23, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision), 4 (exhibit list).

Plaintiff filed this action on March 20, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1965, and accordingly was 39 years old when she filed her application. AR 55. Plaintiff has at least a high school education and can communicate in English. AR 168, 170.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

////

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-15 (AR 1 to AR 729).

1 | Substantial evidence is "more than a mere scintilla," but "may be less than a
2 | preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant
3 | evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.
4 | Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the
5 | record can constitute substantial evidence, only those 'reasonably drawn from the record' will
6 | suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

////

IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment....'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis,

the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since March 6, 2013, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: right upper extremity contracture, obesity, obstructive sleep apnea, hypertension, and depression (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following restrictions: frequent handling and fingering in the right upper extremity; simple, repetitive tasks; only occasional interaction with others.
>
> 5. [Step 4 and 5] The claimant is capable of performing past relevant work as a factory worker and retail marker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 416.965).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since March 6, 2013, the date the application was filed (20 CFR 416.920(f)).

AR 20-29.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 30.

## VI. ANALYSIS

Plaintiff alleges the ALJ erred by failing to provide specific, legitimate reasons for rejecting the opinion of plaintiff's examining physician. ECF No. 13 at 5. Plaintiff argues that the examining physician's opinion should be credited as true, and the case should be remanded for calculation of payment for benefits. ECF No. 13 at 10-11 (citing Garrison v. Colvin, 759 F.3d

995, 1020-1022 (9th Cir. 2014). In the alternative, plaintiff argues the case should be remanded for further proceedings. ECF No. 13 at 11.

      A. <u>The Medical Evidence Before the ALJ</u>

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 (9th Cir. 2001)); 20 C.F.R. § 404.1527(c). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990). Even if contradicted by another doctor, the opinion of a treating or examining doctor may only be rejected for "specific, legitimate reasons based on substantial evidence." <u>Andrew v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995). In general, "conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation omitted).

In this case, the ALJ considered the opinions of three mental health professionals, including an examining physician, Troy Ewing, Psy.D. The two non-examining physicians, F. Mateus, M.D. and Patrice G. Solomon, Ph.D., opined in relevant part that plaintiff's "restriction of activities in daily living," "difficulties in maintaining social functioning" and "difficulties in maintaining concentration, persistence, or pace" were "mild." AR 61, 71. The ALJ agreed with the mild restrictions set forth by Dr. Mateus and Dr. Solomon as it related to daily living; however, the ALJ rejected their opinions as it related to social functioning and concentration, persistence or pace as the ALJ found the plaintiff had moderate difficulties based on the overall

medical evidence and Dr. Ewing's opinion.  See AR 21.  Moreover, Dr. Mateus and Dr. Solomon both opined that plaintiff's mild depression and anxiety do "no significantly affect [plaintiff's] ability to function" and the main problem was physical.  AR 61, 72.  Dr. Ewing found plaintiff to be moderately impaired in her ability to maintain a regular work attendance and complete a normal workday or workweek.  AR 378.

Dr. Ewing performed a comprehensive mental status evaluation on July 30, 2013.  AR 373- 378.  He diagnosed plaintiff with "major depressive disorder, current, moderate" and a GAF score[3] of 58.  Dr. Ewing opined that plaintiff had a "mildly depressed and anxious" mood but was "cooperative" and "alert."  AR 376-377.  Dr. Ewing noted that he reviewed a disability report form SSA-3368 but had "no medical records available for review."  AR 373.  As to work-related abilities, Dr. Ewing opined, among other things, that: (1) plaintiff's ability to maintain a regular attendance at work was "moderately to significantly limited as [plaintiff's] depression and low energy is likely to impact her regular attendance until symptoms can be better treated;" and (2) plaintiff's ability to complete a normal workday or workweek without interruptions were "moderately impaired" due to her "depression [that] is likely to impact consistent pace and work performance."  The ALJ rejected Dr. Ewing's opinion as to plaintiff's work-related limitations.

Plaintiff argues that the ALJ's "silence" regarding the weight afforded to Dr. Ewing's opinion constitutes error, as does his failure to provide specific, legitimate reasons for rejecting the opinion.  ECF No. 13 at 7.  While it is true that an implicit rejection of a physician's opinion cannot satisfy the Administration's obligation to set forth "specific, legitimate reasons," Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990), that is not the case here.  Although the ALJ did not specify the degree of weight given to Dr. Ewing's opinion, he provided "specific, legitimate

---

[3] The Ninth Circuit has defined a GAF score as a "rough estimate" of an individual's psychological, social and occupational functioning, used to reflect the individual's need for treatment.  Garrison, 759 F.3d at 1003 n.4 (quoting Vargas v. Lambert, 159 F.3d 1161, 1164 (9th Cir. 1998)).  A GAF score of 41-50 describes "serious symptoms" or "any serious impairment in social, occupational or social functioning," while scores of 51-60 describe "moderate symptoms." Id.  Because GAF scores "are typically assessed in controlled, clinical sets that may differ from work environments in important respects," they are not determinative of disability.  However, they are "a useful measurement" of functioning.  Id.

reasons" for failing to adopt the limitations found by Dr. Ewing. See Murphy v. Comm'r Soc. Sec. Admin., 423 Fed. Appx. 703, 705 (9th Cir. 2011) (The ALJ must provide "specific and legitimate reasons for his decision" when "either expressly or implicitly rejecting the opinions" of treating or examining physicians).

### B. The ALJ's Reasons for Rejecting Dr. Ewing's Opinion

The question before the court is whether the ALJ provided clear, specific and legitimate reasons for discounting the opinion of Dr. Ewing. The undersigned finds that he did.

The ALJ gave the following reasons for rejecting Dr. Ewing's opinion: (1) the opinion was based on subjective testimony; (2) plaintiff's employment history contradicts the opinion; and (3) plaintiff's ability to engage "in a somewhat normal level of daily activity and interaction" contradicts plaintiff's inability to maintain employment. AR 28.

First, the ALJ rejected Dr. Ewing's opinion because it was premised on plaintiff's subjective testimony, which the ALJ found contradicted the rest of the medical record. The ALJ noted that the medical record included instances in which the claimant "said that she did rouse herself and perform daily activities, if for no other reason than to provide for her daughter." AR 28. The record contains ample evidence supporting the ALJ's determination that plaintiff was able to engage in daily activities such as providing for her daughter. See AR 45-48 (hearing testimony); 215-222 (plaintiff gets her daughter up for school, goes to church, helps daughter with homework, feeds her, and makes dinner) 586-587 ("[Patient] change in daily life schedule & has been busy spending time with daughter ([10] years old) since being in summer break"). "A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (internal quotation marks and citations omitted); see also Britton v. Colvin, 787 F.3d 1011, 1014 (9th Cir. 2015) (upholding rejection of a treating physician's opinion because it was based on plaintiff's subjective testimony, which the ALJ properly "determined was not credible as to the severity and frequency of her conditions.") Moreover, plaintiff does not contest the ALJ's credibility determination.

| | |
|---|---|
| 1 | Second, the ALJ found that Dr. Ewing's opinion was contradicted by plaintiff's |
| 2 | employment history. Specifically, the ALJ pointed to several instances in the record that |
| 3 | contradicted Dr. Ewing's opinion regarding plaintiff's inability to maintain work: |

> Both in her initial materials (Ex. 2E) and at the hearing, the claimant stated that she stopped work to care for her newborn daughter (Hearing Testimony). She also testified that she was let go due to taking too many days off (Hearing Testimony). Even giving this explanation full weight, however, this was due to "transferring from county to county," rather than a lack of energy, an inability to get out of bed, or non-usage of her right hand.

AR 28.

The hearing testimony substantially supports the ALJ's assessment. At the hearing, plaintiff testified the following:

> Q: Have you worked at all the last few years?
>
> A: No I haven't.
>
> Q: Did you last work in about 2006 for the Rivercats?
>
> A: Yeah. That was – yeah, that was real brief. That was just a janitor job.
>
> Q: Was that your last job?
>
> A: Yeah.
>
> Q: Why did you stop working in '06?
>
> A: In '06 I had got that job right after Salvation Army. And then I went on maternity leave. And then I got that job but I was let go from that job because I was transferring from county to county. And I had appointments with my housing and I took too many days off so they let me go.
>
> Q: Okay. I mean did you stop work in part to care for your newborn – for your daughter?
>
> A: Yeah. Now Salvation Army I worked when I was pregnant with her and then went on maternity leave. And I've been raising her ever since.

AR 42-43.

The inconsistency between plaintiff's own statements regarding her employment history and her alleged inability to maintain employment due to depression were properly considered by the ALJ when discounting Dr. Ewing's opinion. See Turner v. Comm'r of Soc. Sec., 613 F.3d

9

1217, 1223 (9th Cir. 2010) (the ALJ provided several cogent reasons for rejecting the treating physician's opinion to the extent that it implied that claimant was unable to work.)

Lastly, the ALJ found that Dr. Ewing's opinion was contradicted by evidence of plaintiff's ability to engage in daily activities. The ALJ specified that plaintiff's daily living activities such as personal hygiene, preparing meals, making change at the store, knowing how to drive but being limited due to a suspended license, providing continuous care to her daughter, were activities that contained "physical and mental abilities and social interactions" of a type "necessary for obtaining and maintaining employment." AR 28. A holistic review of the record supports this assessment. Moreover, at the hearing plaintiff testified the following:

> Q: So does your depression still cause you any problems functioning day to day?
>
> A: I go through my day. I can get – I can get through my day. You know I get through my day and my daughter is my strength, you know. I do – you know, I do – like the lady that comes and see me every month she [has] been so helpful the last five months because she has helped me to identify what I can do to help my daughter because my daughter is 10 now.
>
> […]
>
> Q: […] So are you the primary person taking care of [your daughter]?
>
> A: Yes.
>
> […]
>
> Q: Who does most of the shopping?
>
> A: I go with – me and my dad.
>
> Q: Do you drive?
>
> A: No.
>
> Q: Why is that?
>
> A: I've had a suspended license for so long. So – you know, and it's – it costs a lot of money to get back, you know[.]
>
> […]
>
> Q: Do you do chores around the house during the day?
>
> A: I maintain the house. Again it can get pretty – you know, sometimes it's like I plan days with my daughter saying okay on

> Saturday this is what we're going to do as a team, you know, just to – because it gets piled up. And so I just make excuses, you know.

AR 45, 47, 48.

A clear inconsistency with the claimant's daily activities constitutes a specific and legitimate reasons for rejecting an examining psychologist's opinion. Ghanim v. Colvin, 763 F.3d at 1162.

In sum, the ALJ provided clear, specific, and legitimate reasons for rejecting Dr. Ewing's opinion. There was no reversible error.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: September 24, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE